23-7352
*United States v. James*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of October, two thousand twenty-four.

PRESENT:

> RICHARD J. SULLIVAN,
> WILLIAM J. NARDINI,
> ALISON J. NATHAN,
> *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

> *Appellee*,

> v.                                                                      No. 23-7352

FRANK JAMES,

> *Defendant-Appellant*.

_____

| | |
|---|---|
| **For Defendant-Appellant:** | DARRELL FIELDS, Federal Defenders of New York, Inc., New York, NY. |
| **For Appellee:** | SARA K. WINIK, (Susan Corkery, Ellen H. Sise, *on the brief*), Assistant United States Attorneys, *for* BREON PEACE, United States Attorney for the Eastern District of New York, Brooklyn, NY. |

Appeal from a judgment of the United States District Court for the Eastern District of New York (William F. Kuntz, II, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the October 6, 2023 judgment of the district court is **AFFIRMED**.

Defendant Frank James appeals from a judgment of the district court following his guilty plea to all eleven counts in the superseding indictment – ten counts of committing a terrorist attack or other act of violence against a mass transportation system and vehicle carrying passengers and employees, in violation of 18 U.S.C. § 1992(a)(7) and (b)(1), and one count of using a firearm during a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(iii). On appeal, James argues that the district court erred by (1) denying his motion to dismiss the original indictment (which charged only one count under section 1992 and the section 924(c) count); (2) applying the higher base offense level (33) for attempted

murder under United States Sentencing Guideline ("U.S.S.G.") § 2A2.1 instead of

the lower base offense level (14) for aggravated assault under U.S.S.G. § 2A2.2; (3)

applying the obstruction of justice enhancement pursuant to U.S.S.G. § 3C1.1 after

finding that James committed perjury during his plea allocution; and (4) denying

James credit for acceptance of responsibility under U.S.S.G. § 3E1.1 in light of his

perjury.   We assume the parties' familiarity with the underlying facts, procedural

history, and issues on appeal.

## I.      Motion to Dismiss the First Indictment

James argues that the district court should have granted his motion to

dismiss the original indictment because the conduct it alleged was not prohibited

under the charged statute and, even if it was prohibited, a violation of the charged

statute is not a crime of violence under 18 U.S.C. § 924(c).   However, as James

acknowledges in his reply brief, this argument is foreclosed by our long-standing

precedent, in which we have held that a defendant "waives all non-jurisdictional"

challenges to prior proceedings when he "knowingly and voluntarily enters a

guilty plea."   *United States v. Garcia*, 339 F.3d 116, 117 (2d Cir. 2003).   Since

"challenges to indictments on the basis that the alleged conduct does not constitute

an offense under the charged statute are . . . non-jurisdictional challenges," we

conclude that James waived his arguments when he entered his unconditional guilty plea. *United States v. Rubin*, 743 F.3d 31, 37 (2d Cir. 2014); *see also Hayle v. United States*, 815 F.2d 879, 881 (2d Cir. 1987) (explaining that a defendant must obtain "a court-approved reservation of issues for appeal" to preserve the right to challenge non-jurisdictional defects after entering into a guilty plea). We therefore need not address James's argument that the charged statutes do not cover the conduct at issue here.

## II.     Base Offense Level Under U.S.S.G. § 2A2.1

James also argues that the district court erred by applying the higher base offense level for attempted murder under U.S.S.G. § 2A2.1 instead of the lower one that applies for aggravated assault under section 2A2.2. Notably, attempted murder requires that a defendant acted with "a specific intent to kill," *United States v. Kwong*, 14 F.3d 189, 194 (2d Cir. 1994), whereas aggravated assault requires only that the defendant acted "with intent to cause bodily injury," U.S.S.G. § 2A2.2 cmt. n.1. When reviewing a district court's application of the Guidelines, we "follow an either/or approach, adopting a *de novo* standard of review when the district court's application determination was primarily legal in nature, and adopting a clear error approach when the determination was primarily factual." *United*

*States v. Helm*, 58 F.4th 75, 88 (2d Cir. 2023) (internal quotation marks omitted).

Since we are reviewing the district court's conclusion that James acted with the

specific intent to kill – a primarily factual determination – we review that

conclusion for clear error. *See id.*

Here, James contends that the district court should have applied the lower

base offense level for aggravated assault because he did not act with the specific

intent to kill his victims. But the district court rejected this argument and

determined that James did in fact intend to kill his victims, specifically pointing to

his "choice of weaponry, the time, the place[,] and the manner in which he

executed the attack, and [James's] own historical statements demonstrating his

desire to kill." App'x at 326–28. Indeed, as outlined in the presentence

investigation report ("PSR") – which the district court adopted in full – there is

ample evidence indicating that James acted with the intent to kill as many people

as possible. *See* PSR ¶¶ 16–46. In the years leading up to the attack, James

posted multiple videos on the internet in which he either repeatedly discussed

how the human population must be reduced, or praised and expressed a desire to

copy the actions of notorious murderers like Ted Bundy. *See id.* ¶¶ 38, 40–41.

On the day of the shooting, James herded passengers to the far end of the train by

setting off a smoke grenade, waited until they were all crowded together, and only then unloaded thirty-two shots into the crowd, hitting ten individuals a total of seventeen times. *See id.* ¶¶ 18–20. His weapon of choice was a semi-automatic Glock 17 equipped with an extended magazine, and the only reason he stopped firing into the crowd was because his gun jammed. *See id* ¶ 19. In light of these facts, we see no reason to question the district court's conclusion that James intended to kill his victims and, therefore, cannot say that the district court erroneously applied the base offense level for attempted murder under U.S.S.G. § 2A2.1.

### III.    Two-Level Enhancement Under U.S.S.G. § 3C1.1

James also disputes the district court's imposition of the two-level enhancement under U.S.S.G. § 3C1.1 for perjury. Section 3C1.1 provides a two-level enhancement where a defendant "willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the . . . sentencing of the instant offense of conviction." U.S.S.G. § 3C1.1. The Supreme Court has explained that this enhancement may be applied when the defendant "gives false testimony concerning a material matter with the willful intent to provide false testimony, rather than as a result of confusion, mistake, or

faulty memory." *United States v. Dunnigan*, 507 U.S. 87, 94 (1993). Consistent with *Dunnigan*, we have held that a two-level enhancement for obstruction of justice may be imposed when the sentencing court finds by a preponderance of the evidence that the defendant committed perjury, which is (a) the "giving of false testimony," (b) "as to a material matter," that was (c) "intentional[ly]" made. *United States v. Agudelo*, 414 F.3d 345, 349 (2d Cir. 2005) (internal quotation marks omitted). While it is "preferable" for the court "to address each element of the alleged perjury in a separate and clear finding," it is "sufficient" for the court to make "a finding of an obstruction of, or impediment to, justice that encompasses all of the factual predicates for a finding of perjury." *Dunnigan*, 507 U.S. at 95.

We review the application of the obstruction-of-justice enhancement under a mixed standard of review. *See United States v. Brown*, 321 F.3d 347, 351 (2d Cir. 2003). We accept a district court's factual findings unless they are clearly erroneous, *see United States v. Woodard*, 239 F.3d 159, 161 (2d Cir. 2001), but we review *de novo* whether the district court's factual findings made in support of the enhancement complied with the requirements of *Dunnigan*, *see United States v. Rosario*, 988 F.3d 630, 632 (2d Cir. 2021).

7

Here, the district court made each finding required under *Dunnigan*. Notwithstanding James's insistence to the contrary, the district court found that his statement was false in light of "the plethora of evidence" outlined above that he acted with the intent to kill. App'x at 326–27. The district court also explicitly determined that James's statement was "material" because it pertained to his mental state, *id.* at 328, which – as noted above – ultimately would have impacted James's applicable Guidelines range. *Compare* U.S.S.G. § 2A2.1 (imposing a base offense level of 33 to defendants who acted with the specific intent to kill) *with id.* § 2A2.2 (imposing a base offense level of 14 to defendants who acted only with the intent to cause serious bodily injury). Had the court credited James's statement that he acted only with the intent to cause serious bodily injury, James would not have been subject to the higher base offense level under section 2A2.1. *See* U.S.S.G. § 3C1.1 cmt. n.6 (defining "material" as "evidence, fact, statement, or information that, if believed, would tend to influence or affect the issue under determination"). Since James's false statement ultimately would have affected his sentence, the district court properly found it to be material. *See United States v. Rodriguez*, 943 F.2d 215, 218 (2d Cir. 1991) (determining that the defendant's false

8

statements to his probation officer were material because they "would affect the [defendant's] sentence").

We likewise reject James's contention that the district court erred in finding that he "intentionally" lied about his mental state at his plea allocution "for the purpose of receiving a lesser sentence," App'x at 328, rather than as "a result of confusion, mistake, or faulty memory," *Dunnigan*, 507 U.S. at 94. Notwithstanding James's lengthy history of mental health problems, James points to nothing in the record to suggest that he was confused, mistaken, or suffering from memory loss at the time of his plea allocution. James himself confirmed that he had a clear mind, had discussed his guilty plea and the Sentencing Guidelines with his counsel, and understood that he could face charges for perjury if he lied to the district court. Indeed, there is nothing equivocal, tentative, or muddled about James's statement that it was "not [his] intention to cause death." App'x at 133. We cannot say that the district court clearly erred in determining that James intentionally lied about his mental state during his plea allocution. *See United States v. Oehne*, 698 F.3d 119, 121 (2d Cir. 2012) (explaining that, under the clear error standard, an appeals court "may not reverse" "the district court's account of

the evidence [if it] is plausible in light of the record viewed in its entirety" (internal quotation marks and citations omitted)).

### IV.    Three-Level Reduction Under U.S.S.G. § 3E1.1

James argues that the district court abused its discretion by denying him a three-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1 since he voluntarily pleaded guilty to all the offenses of conviction.   But section 3E1.1 instructs a district court to reduce a defendant's offense level only if "the defendant clearly demonstrates acceptance of responsibility for his offense." U.S.S.G. § 3E1.1(a).   Indeed, the Application Notes for section 3E1.1 make clear that "[e]ntry of a plea of guilty prior to the commencement of trial combined with *truthfully* admitting the conduct comprising the offense of conviction . . . will constitute significant evidence of acceptance of responsibility."   *Id.* cmt. n.3 (emphasis added).   In other words, the mere entry of a guilty plea does not entitle a defendant "to an adjustment . . . as a matter of right," *id.*; it must be paired with an honest accounting of the offense conduct to warrant credit for accepting responsibility.

We review a district court's refusal to reduce a defendant's offense level pursuant to section 3E1.1 for abuse of discretion.   *See United States v. Strange*, 65

F.4th 86, 89 (2d Cir. 2023).   Because the sentencing court "is in a unique position to evaluate a defendant's acceptance of responsibility," its determination "is entitled to great deference on review."   U.S.S.G § 3E1.1 cmt. n.5.

Here, the fact that James pleaded guilty "does not, by itself, entitle [him] to a reduced sentence under [section] 3E1.1."   *United States v. Reyes*, 9 F.3d 275, 279 (2d Cir. 1993).   In fact, a defendant who receives an enhancement under section 3C1.1 usually is not entitled to a reduction under section 3E1.1 because such an enhancement typically "indicates that the defendant has not accepted responsibility for his criminal conduct."   *United States v. Kumar*, 617 F.3d 612, 635 (2d Cir. 2010) (internal quotation marks omitted) (quoting U.S.S.G. § 3E1.1 cmt. n.4).   So even though James allocuted to conduct that satisfied the most basic elements of the offenses of conviction, the district court was still free to withhold the section 3E1.1 reduction when it found James's explanation for his behavior to be "unbelievable."   *Reyes*, 9 F.3d at 281 (internal quotation marks omitted). James's argument thus fails for the same reason his others do:   the district court found that James acted with the specific intent to kill his ten gunshot victims and then lied about it to reduce his advisory sentencing range under the Guidelines. *See, e.g.*, App'x at 327–28 ("This Court finds [James's] claim . . . that [he] did not

11

intend to kill the victims of [his] crime was a false claim."); *see also id.* at 328 ("This

Court also finds that [James] made this statement intentionally for the purpose of

receiving a lesser sentence."). We therefore cannot say that the district court

abused its discretion when denying James a three-level reduction.

\*    \*    \*

We have considered James's remaining arguments and find them to be

without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

12